IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ALEXANDRIA WILLIAMS,         )
on behalf of herself and     )
all others similarly situated, )
                             )
            Plaintiffs,      )
                             )
    v.                       )         1:17CV51
                             )
G4S SECURE SOLUTIONS (USA)   )
INC.,                        )
                             )
            Defendant.       )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Presently before this court is Plaintiff's Motion for Notice and Conditional Certification. (Doc. 15.) Defendant G4S Secure Solutions (USA) Inc. ("G4S") has responded (Doc. 22) and Plaintiff has replied (Doc. 26). This matter is ripe for adjudication and, for the reasons stated herein, this court will grant Plaintiff's Motion.

After this motion was fully briefed, Plaintiff filed an Amended Complaint, (Doc. 27), and Defendant filed an Answer. (Doc. 28.) Although this court did not grant Plaintiff leave to file said Amended Complaint, Defendant's Answer will be

construed as consent to its filing and the Amended Complaint will be permitted and considered the operative complaint.

I. **BACKGROUND**

Plaintiff Alexandria Williams ("Williams") was employed as a security officer for Defendant G4S. (Amended Complaint ("Am. Compl.") (Doc. 27) ¶ 14.) G4S employs security officers "throughout the United States, including in North Carolina, to provide on-site security services to its clients." (Id. ¶ 12.) Williams brought this collective action alleging that she and other security officers were harmed by G4S's "practice of failing to accurately record work time and pay its employees for all hours worked, including overtime premiums." (Id. ¶ 16.) Alongside her Complaint, Williams filed opt-in forms from four similarly situated security officers. (Complaint ("Compl."), Ex. 2, Consent to Join Litigation (Doc. 1-2) at 1-4.) These opt-in forms were incorporated by reference in Williams' Amended Complaint. (Am. Compl. (Doc. 27) ¶ 49.)

Apart from these consent forms, and alongside her Motion for Notice and Conditional Certification, Williams also filed declarations from herself and two of the putative opt-in class members. (See generally Pl.'s Mem. in Supp. of Mot. for Notice and Conditional Certification ("Pl.'s Mem."), Ex. 1, Alexandria Williams Decl. ("Williams Decl.") (Doc. 16-1); Ex. 3, Alastair

Nicholson Decl. ("Nicholson Decl.") (Doc. 16-3); Ex. 4, Scott Praley Decl. ("Praley Decl.") (Doc. 16-4).) These security officers each declare that, pursuant to G4S pay and timekeeping policies, they were regularly uncompensated for pre- and post-shift work, resulting in deprivation of overtime premiums and/or non-payment for the entirety of overtime hours worked. (See Williams Decl. (Doc. 16-1) ¶¶ 4-11; Nicholson Decl. (Doc. 16-3) ¶¶ 5-12; Praley Decl. (Doc. 16-4) ¶¶ 5-12.)

Williams now moves for conditional certification of a Fair Labor Standards Act ("FLSA") collective action to include all security officers who have worked for G4S during the last three years at one or more of the following client sites: Google Data Center in Lenoir, North Carolina; Whiting Turner in Lenoir, North Carolina; J.E. Dunn in Lenoir, North Carolina; Frye Hospital in Hickory, North Carolina; Fiserv in Hickory, North Carolina; Mission Hospital in Asheville, North Carolina; and General Electric in West Jefferson, North Carolina. (Am. Compl. (Doc. 27) ¶ 15; Pl.'s Mem. (Doc. 16) at 11-12.)

## II. **LEGAL STANDARD**

The FLSA provides that an action for unpaid overtime wages can be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated," but that "[n]o employee shall be a party plaintiff to

-3-

any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b); see also Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 758 (4th Cir. 2011).

"Courts employ a two-stage certification procedure for FLSA collective actions." Solais v. Vesuvio's II Pizza & Grill, Inc., No. 1:15CV227, 2016 WL 1057038, at *5 (M.D.N.C. Mar. 14, 2016); see also Kirkpatrick v. Cardinal Innovations Healthcare Solutions, No. 1:16CV1088, 2017 WL 3841858, at *4 (M.D.N.C. Sept. 1, 2017). During conditional certification, which is the first stage, the court determines whether the employees' claims are similar enough to merit the distribution of court-approved notice to possible class members.[1] Kirkpatrick, 2017 WL 3841858, at *4; see also Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989) ("[D]istrict courts have discretion, in appropriate cases, to implement . . . § 216(b) . . . by facilitating notice to potential plaintiffs.").

---

[1] During the second stage – known as "decertification" and occurring only after a defendant moves to decertify a conditionally certified class – courts "apply a heightened fact specific standard to the 'similarly situated' analysis." Solais v. Vesuvio's II Pizza & Grill, Inc., No. 1:15CV227, 2016 WL 1057038, at *6 n.7 (M.D.N.C. Mar. 14, 2016) (citation omitted). This second stage is not presently at issue.

The plaintiff bears the burden of demonstrating that notice is appropriate. See, e.g., Purdham v. Fairfax Cty. Pub. Schs., 629 F. Supp. 2d 544, 548 (E.D. Va. 2009), aff'd, 637 F.3d 421 (4th Cir. 2011). "Conditional certification is appropriate when it would serve judicial efficiency, and the court must be mindful that granting conditional certification expands the scope of the litigation and begins a process of class-wide discovery." Kirkpatrick, 2017 WL 3841858, at *4 (citations omitted). The "similarly situated" requirement, "although certainly not a 'rubber-stamp approach,' remains relatively modest." Adams v. Citicorp Credit Servs., Inc., 93 F. Supp. 3d 441, 453 (M.D.N.C. 2015) (citation omitted). While parties generally "have minimal evidence at this point in the proceedings[,] . . . [m]ere allegations will not suffice; some factual evidence is necessary." Id. (citations omitted) (second alteration in original). That evidence must tend to show that there exists a "common policy, scheme, or plan" that violates the FLSA, but it "need not . . . enable the court to determine conclusively whether a class of similarly situated plaintiffs exists, and it need not include evidence that the company has a formal policy of refusing to pay overtime." Id. (citation omitted). The class certification determination "is 'usually based only on the pleadings and any affidavits that have been

submitted' during the initial stages of litigation." Cerrato v. Durham Pub. Schs. Bd. of Educ., No. 1:16CV1431, 2017 WL 2983301, at *5 (M.D.N.C. Mar. 17, 2017) (quoting Mooney v. Aramco Servs., Co., 54 F.3d 1207, 1214 (5th Cir. 1995)). "At this stage, 'the Court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations.'" Kirkpatrick, 2017 WL 3841858, at *4 (citation omitted).

### III. **ANALYSIS**

G4S opposes conditional certification on primarily two grounds. First, it argues that Williams has only made conclusory allegations and has failed to make a factual showing that a similarly situated group of plaintiffs exists. (Def.'s Mem. of Law in Opp'n to Pl.'s Mot. for Notice and Conditional Certification ("Def.'s Mem.") (Doc. 22) at 8.) Specifically, G4S asserts that Williams has not identified an actual G4S policy, has not offered any evidence of policies at four of the identified G4S client sites, and fails to acknowledge unique factual issues at various G4S client sites. (Id. at 8-12.)

As noted above, plaintiffs seeking conditional certification are not required to conclusively establish that a formal policy which violates the FLSA exists. Adams, 93 F. Supp. 3d at 453; Kirkpatrick, 2017 WL 3841858, at *4. Instead, a plaintiff's "evidence must tend to show that there exists a

'common policy, scheme, or plan' that violates the FLSA[.]" Kirkpatrick, 2017 WL 3841858, at *4 (citation omitted). But see Grayson v. K Mart Corp., 79 F.3d 1086, 1095 (11th Cir. 1996) (articulating an even lower standard, holding that "a unified policy, plan, or scheme of discrimination may not be required to satisfy the more liberal 'similarly situated' requirement of § 216(b)"). Therefore, Williams' failure to identify a formal G4S policy that violates the FLSA is inconsequential.

Looking specifically to the evidence presented by Williams and the putative opt-in Plaintiffs in their declarations, each states that during their employment at G4S they were required to complete pre- and post-shift tasks for which they were not compensated. (Williams Decl. (Doc. 16-1) ¶¶ 4-12; Nicholson Decl. (Doc. 16-3) ¶¶ 5-13; Praley Decl. (Doc. 16-4) ¶¶ 5-13.) Collectively, during their employment at G4S, Williams and the putative opt-in Plaintiffs provided security services at each of the client sites at issue with the exception of General Electric in West Jefferson, North Carolina. (See Williams Decl. (Doc. 16-1) ¶ 2; Nicholson Decl. (Doc. 16-3) ¶ 3; Praley Decl. (Doc. 16-4) ¶ 3). Williams declares that she spoke to G4S employees stationed at this General Electric facility who told her they were subjected to the same complained-of policy. (William Decl. (Doc. 16-1) ¶ 19.) G4S contends that this statement in Williams'

-7-

declaration constitutes inadmissible hearsay and should not be considered by this court. (Def.'s Mem. (Doc. 22) at 22.) As this court has previously stated when confronted with an identical argument, however, "courts in the Fourth Circuit that have addressed the issue have held that hearsay evidence in an affidavit supporting a motion for conditional certification may be considered so long as it is based on personal knowledge." Hollis v. Alston Pers. Care Servs., LLC, No. 1:16CV1447, 2017 WL 3327591, at *2 (M.D.N.C. Aug. 3, 2017) (quoting McCoy v. RP, Inc., C.A. No. 2:14-CV-3171-PMD, 2015 WL 6157306, at *3 (D.S.C. Oct. 19, 2015)). Hearsay within supporting affidavits is "appropriate given the 'modest factual support' required at this stage." Id. (quoting McCoy, 2015 WL 6157306, at *3). Consequently, this court is unpersuaded by G4S's argument.

G4S next contends that Williams failed to submit reliable evidence as to the existence of a uniform policy at four of the client sites at issue and argues that the Motion for Notice and Conditional Certification fails to acknowledge "unique issues involving posts where equipment time is unnecessary[.]" (Def.'s Mem. (Doc. 22) at 11-12.) These arguments are without merit. As outlined above, Williams and the putative opt-in Plaintiffs have submitted declarations that, although brief, outline their experience as G4S security officers. "Declarations are, of

course, factual support. They are not pleadings or mere allegations; they are sworn statements and part of the factual record." Kirkpatrick, 2017 WL 3841858, at *5. G4S's arguments amount to challenges to the credibility of these declarations. The court need not resolve such factually specific arguments at this time. Id.; Solais, 2016 WL 1057038, at *6 ("[W]hen evaluating conditional certification, 'the Court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations.'" (citation omitted)).

Second, G4S argues that the claim advanced by Williams does not present manageably similar facts. (Def.'s Mem. (Doc. 22) at 13-18.) In support of this argument, G4S details at length factual distinctions that exist as to pre- and post-shift equipment pick up and drop off practices at the various client sites. (Id.) While these factual distinctions might exist, "courts have routinely recognized that where an employer has a common practice of failing to pay employees for all hours worked, factual distinctions [of this type] provide no basis to deny initial certification of a collective action under the FLSA." McLaurin v. Prestage Foods, Inc., 271 F.R.D. 465, 470 (E.D.N.C. 2010) (citing Abadeer v. Tyson Foods, Inc., No. 3:09-00125, 2009 WL 4110295, at *1 (M.D. Tenn. Nov. 25,

-9-

2009) ("The factual variances cited by the Defendants do not justify denying class certification."); Russell v. Ill. Bell Tel. Co., 575 F. Supp. 2d 930, 938 (N.D. Ill. 2008); Dominquez v. Minn. Beef Indus., Inc., Civ. No. 06-1002 (RHK/AJB), 2007 WL 2422837, at *3 (D. Minn. Aug. 21, 2007); Benbow v. Gold Kist, Inc., 3:06-CV-02751-MBS, slip op. at 4-5 (D.S.C. Apr. 16, 2007) (unpublished); Allen v. McWane, Inc., No. Civ.A.2:06-CV-158(TJ), 2006 WL 3246531, at *3 (E.D. Tex. Nov. 7, 2006); Frank v. Gold'n Plump Poultry, Inc., No. Civ. 041018JNERLE, 2005 WL 2240336, at *3 (D. Minn. Sept. 14, 2005)). This court finds no compelling reason to depart from this practice in the present case.

This court finds that Williams has made the "relatively modest factual showing that [] a common policy, scheme, or plan [that violated the law] exists." Adams, 93 F. Supp. 3d at 453 (alteration in original). Specifically, Williams has sufficiently alleged that G4S has a common policy of not compensating security guards for pre- and post-shift work, resulting in deprivation of overtime premiums and/or non-payment for the entirety of overtime hours worked. Accordingly, this court will grant Plaintiff's motion to conditionally certify this collective action.

**IV.  CONCLUSION**

For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Notice and Conditional Certification (Doc. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties meet and confer to agree on a notice form and report back to this court within 21 days of the entry of this Memorandum Opinion and Order. If the parties are not able to agree, this court will hold a hearing after receipt of the parties' respective position.

This the 24th day of January, 2018.

                                                                      /s/ William L. Osteen, Jr.
                                                                      United States District Judge